IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 3 2000

Michael N. Milby, Clerk of Court

KEITH RUSSELL JUDD § 
 § 
V. § C.A. NO. C-00-110
 § 
UNITED STATES OF AMERICA § 

## ORDER OF DISMISSAL

Petitioner Keith Russell Judd is currently an inmate incarcerated at FCI Big Spring. On March 14, 2000, petitioner filed a *pro se* "petition for writ of mandamus" seeking an order placing his name on the ballot for President of the United States in this November's general election (D.E. 1).

Petitioner's petition for a writ of mandamus must be dismissed, because he has been sanctioned by the Fifth Circuit. On May 13, 1999, in <u>Judd v. The University of New Mexico, et al.</u>, C.A. No. 98-51060 (5th Cir. May 13, 1999), the Circuit Court sanctioned petitioner for repeated frivolous filings under 28 U.S.C. § 1915(g). The Court ordered "the clerk of this court and the clerks of all federal district courts within this Circuit ... to refuse to file any pro se civil complaint or appeal by plaintiff unless he submits proof of satisfaction of this sanction." Petitioner did not include the filing fee ($150) with his present petition; it is therefore considered a pro se petition. He has failed to file any proof of satisfaction of the sanction ($210).

In <u>Balawajder v. Scott</u>, 160 F.3d 1066 (5th Cir. 1999), the Fifth Circuit found no abuse of discretion where a district court honored the sanctions imposed by another federal court, and dismissed a prisoner's civil rights suit. <u>Id.</u> at 1068. The Circuit Court noted that, if allowed to proceed, the plaintiff's case would have faltered under the provisions of the "three strikes" rule in § 1915(g), which prohibits a prisoner who has filed three previous frivolous suits from filing a

civil rights case unless he can show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Under the three strikes rule, the time for determining whether a plaintiff meets the statutory exception for imminent danger of serious injury is when the plaintiff seeks to file the complaint. Baños v. O'Guin, 144 F.3d 883 (5th Cir. 1998).

In accordance with the Fifth Circuit's opinion in Balawajder, since petitioner has failed to offer proof that he has satisfied the sanctions imposed on him by the Fifth Circuit, dismissal of his action by this Court is proper. In addition, because petitioner has failed to even allege in his complaint that he is in danger, if allowed to continue his case would soon be dismissed under the three strikes rule in light of plaintiff's previous frivolous filings.[1] For these reasons, the Court honors the sanctions against petitioner and dismisses the instant action.

The petitioner's petition is DISMISSED.

ORDERED this 31 day of March, 2000.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

---

[1](1) Judd v. University of New Mexico, et al., C.A. No. 4:96-cv-122 (5th Cir. Dec. 9, 1997), dismissed as frivolous;
  (2) Judd v. United States District Court, et al., C.A. No. 4:98-cv-167 (5th Cir. Apr. 16, 1999), dismissed as frivolous;
  (3) Judd v. United States District Court, et al., C.A. No. 4:98-cv-167 (5th Cir. Apr. 16, 1999), dismissed as frivolous and plaintiff barred from in forma pauperis status;
  (4) Judd v. The University of New Mexico, et al., C.A. No. 4:96-cv-122 (5th Cir. May 13, 1999), plaintiff sanctioned.