IN THE UNITED STATES DISTRICT COURT FOR Southern District of Texas

Keith Russell Judd For President of USA,
v.
United States of America, et al.

No. C-00-110

United States District Court
Southern District of Texas
FILED
JUL 25 2001
MICHAEL N. MILBY CLERK

MOTION FOR TRANSFER OF 28 U.S.C. MOTION TO WESTERN DISTRICT OF TEXAS

   Plaintiff, Judd, Pro Se, asks this Court to transfer the habeas corpus motion filed in this case to the Western District of Texas, No. MO-98-CR-093, pursuant to Fed.R.Civ.P., Rule 60(b). See, Castro-Cortez v. INS, 239 F.3d 1037 (9th Cir. 2001)(when habeas petitioner files in wrong court based on good faith error, it is in interests of justice to transfer case to cure want of jurisdiction).

   Plaintiff filed his 28 U.S.C. 2255 motion in this case because: 1) Trial-Federal court is without jurisdiction under ROOKER-FELDMAN. 2) This court denied access based on illegal detention. As a result, plaintiff has Artical III standing to file under Rule 1(1) of 28 U.S.C. 2255, which provides for filing if the trial court "was without jurisdiction", or the judgment, "is otherwise subject to collateral attack". Plaintiff used the collateral attack provision, and since the trial court is without jurisdiction, this court is equally situated to grant the relief requested. Apparently this court did not agree with plaintiff's good faith belief and argument. But if this Court does not transfer, plaintiff will be time-barred from filing a 28 U.S.C. 2255 motion for Habeas Corpus relief.

   Wherefore, Plaintiff, Judd, Pro Se, asks for transfer.

RESPECTFULLY SUBMITTED,

_[signature]_

KEITH RUSSELL JUDD FOR PRESIDENT OF USA, FEC#C00302919,at,www.fec.gov
FCI# 11593-051, P.O. Box 7000, Fort Dix, New Jersey, 08640
See ECTOR COUNTY TEXAS No.C-103,828 & No.C-105,220 attached (915)498-4290
See attached two letters from SUPREME COURT, Judd v. USA, No.98-7575
28 U.S.C. § 1932, prisoners good time revoked for filing frivolous complaints. Standing for 28 U.S.C. § 2255 Habeas Corpus Motion, Rule 1(1), collateral Attack, Article III, U.S. Constitution, Jurisdiction

16.

CC-93
429

CAUSE No. C-103,828 at (915)498-4290
CAUSE NO. C-105,220

| | | |
|---|---|---|
| IN THE MATTER OF<br>KAREN COREY STEELE | ) | IN THE DISTRICT COURT OF |
| VS | ) | ECTOR COUNTY, TEXAS |
| KEITH RUSSELL JUDD | ) | 244TH JUDICIAL DISTRICT |

## FAMILY VIOLENCE PROTECTIVE ORDER

On this the 20th day of July, 1998, the Court heard the Application of KAREN COREY STEELE for a protective order.

### APPEARANCES

Applicant, KAREN COREY STEELE, appeared by counsel and in person and announced ready.

Respondent, KEITH RUSSELL JUDD, was duly served with notice to appear.

### JURISDICTION

The Court, having considered the pleadings and heard the evidence and the argument of counsel, finds that all necessary prerequisites of the law have been satisfied and that this Court has the jurisdiction over the parties and subject matter of this cause.

### FINDINGS AND ORDERS

Respondent is KEITH RUSSELL JUDD. The Court finds that the Applicant is a member or former member of the household of the Respondent. The Court finds that family violence has occurred and that family violence is likely to occur in the foreseeable future. THE COURT FINDS THAT THE RESPONDENT, KEITH RUSSELL JUDD, HAS COMMITTED FAMILY VIOLENCE.

(505) 884-7777
(312) 751-8000
(212) 661-7878
(213) 237-5000
(202) 898-7930
(404) 827-1503
(505) 823-7777
(703) 276-3400

Exhibit B

(505) 277-4806
(505) 243-4411
(505) 767-6780
(505) 277-2121

Court Phone # (915) 498-4290
(915) 498-4295
(915) 580-7777
(915) 580-6397
(800) 375-4661
(800) 774-5643

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

March 10, 1999

WILLIAM K. SUTER
CLERK OF THE COURT

AREA CODE 202
479-3011

Keith R. Judd
Federal Medical Center, Jail Unit
3150 Horton Road
Ft. Worth, TX 76119-5996

RE: Keith R. Judd v. United States
No. 98-7575

Dear Mr. Judd:

The petition for rehearing, which you state you would like to be construed as a petition for a writ of habeas corpus was received in this office on March 8, 1999, and is herewith returned. If it is your intent to submit a petition for an extraordinary writ of habeas corpus, it must comply in every respect with Rule 20 of the Rules of the Court. A sample petition and a copy of the Rules are enclosed.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

*Zehner v. Trigg, 133 F.3d 459, 460 (7th Cir. 1997) (actual physical injury required to receive emotional damages). $20,000.00 extorted by Judge Ferguson, et al, (915)570-5585, in USA v. Judd, USDC, W Dist Tx, No. MO-98-CR-093; 18 U.S.C. §872, 28 U.S.C. §1932, prisoner's good-time revoked for filing frivolous complaint, See, Judd v. US District Court, et al, 120 S.Ct. 1, 145 L.Ed. 2d 7 (1999). Judd v. US Secret Service, et al, 204 F.3d 1041 (10th Cir. 2000).*

Enclosures

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

**WILLIAM K. SUTER**
CLERK OF THE COURT

June 4, 2001

AREA CODE 202
479-3011

Keith Russell Judd
FEC No. 11593-051
P.O. Box 7000
Fort Dix, NJ  08640

RE:   Keith R. Judd v. City of Albuquerque, New Mexico

Dear Mr. Judd:

Your application for stay received June 1, 2001 is herewith returned for the following reason(s):

> You failed to comply with Rule 23.3 of the Rules of this Court which requires that you first seek the same relief in the appropriate lower courts and attach copies of the orders from the lower courts to your application filed in this Court.
>
> You failed to identify the judgment you are asking the Court to review and to append a copy of the order or opinion as required by Rule 23.3 of this Court's Rules.

In addition, I am enclosing a letter that was sent to you on March 10, 1999 that shows the rehearing you sent to the Court in case No. 98-7575 was received but you requested that it be treated as a writ of habeas corpus so it was returned to you without being filed.

Sincerely,
William K. Suter, Clerk
By: *Cynthia Rapp*
Cynthia Rapp
(202) 479-3031

Enclosures

*[Handwritten:] Timm vs Gunter, 917 F.2d 1093, 1100-02 (8th Cir. 1990)(no constitutional rights violated by pat-down searches of male inmates by female guards, because touching of genitalia brief and unintentional. No constitutional violation by female guards' distant surveillance of undressed male inmates in showers and cells, and sleeping in the nude → because surveillance neither constant nor intrusive),*

*[Handwritten:] Excellent - (212) 661-7878, or, (312) 751-8000, or, (212) 702-6000, or, (213) 237-5000*